**WRIGHT, FINLAY & ZAK, LLP**
ARNOLD L. GRAFF, ESQ. SBN 269170
agraff@wrightlegal.net
4665 MacArthur Court, Suite 200
Newport Beach, CA 92660
Telephone: (949) 477-5050;
Fax: (949) 608-9142
WFZ No.: 261-20262010

Attorney for Secured Creditor,
BRIAN STEWART WEISS, TRUSTEE OF THE BRIAN STEWART WEISS REVOCABLE
TRUST DATED OCTOBER 20, 2021

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA – RIVERSIDE DIVISION**

| | |
|---|---|
| In re:<br><br>PATRICIA DANIELS,<br><br>      Debtor. | Case No. 6:26-bk-11884-SY<br><br>Chapter: 13<br><br>**OBJECTION TO CONFIRMATION OF DEBTOR'S CHAPTER 13 PLAN**<br><br>**<u>CONFIRMATION HEARING:</u>**<br>Date: June 30, 2026<br>Time: 1:30 P.M.<br>Crtm: 302<br>Place: United States Bankruptcy Court<br>     3420 Twelfth Street<br>     Riverside, CA 92501 |

**TO THE HONORABLE SCOTT H. YUN, UNITED STATES BANKRUPTCY COURT JUDGE, THE DEBTOR, THE CHAPTER 13 TRUSTEE, THEIR COUNSEL OF RECORD, IF ANY, AND ALL OTHER INTERESTED PARTIES:**

Objecting Secured Creditor, BRIAN STEWART WEISS, TRUSTEE OF THE BRIAN STEWART WEISS REVOCABLE TRUST DATED OCTOBER 20, 2021 ("Creditor") is the

1

holder of a secured claim against certain real property in which the debtor, Patricia Daniels ("Debtor"), claims an interest.  Creditor hereby objects to confirmation of Debtor's proposed Chapter 13 Plan ("Plan"), filed herein as ECF # 14 as follows:

## I.      STATEMENT OF FACTS

### A.      Loan Documents

On or about August 8, 2022, Debtor obtained a loan in the original amount of $67,000.00 (the "Note") from Creditor, and secured repayment of the subject loan via a Deed of Trust and Assignment of Leases and Rents ("Deed of Trust"), recorded against the real property located at **7421 Red Clover Way, Highland, CA 92346** (the "Property") on August 16, 2022, in the San Bernardino County Recorder's Office.  The Note, which has been specially endorsed and made payable to Movant, required monthly interest-only payments of $683.96 each, commencing October 1, 2022 and continuing each month until a final lump sum payment became due on September 1, 2025.  True and correct copies of the Note and Deed of Trust are attached to Creditor's proof of claim filed in the instant bankruptcy on May 5, 2026. See Court's Claim Register ("CCR") #7.

Debtor subsequently defaulted on the terms of the Loan, which fully matured, causing Movant to commence foreclosure proceedings.

### B.      Bankruptcy

On or about March 15, 2026, *on the eve of Creditor's scheduled trustee's* sale, Debtor filed a skeletal voluntary petition under Chapter 13 of the Bankruptcy Code in the United States Bankruptcy Court or the Central District of California, Riverside Division, as Case No. 6:26-bk-11884-SY (the "Bankruptcy")[*See* ECF # 1].

Debtor's voluntary petition and subsequently filed Schedules A/B and D, reflect that: (1) Debtor uses the Property as his primary residence; (2) the fair market value of the Property is

allegedly $660,000.00 and (3) the Property is encumbered by Select Portfolio Services' first position deed of trust in the estimated amount of $320,163.00 (the "Senior Deed"), and Creditor's second position deed of trust in the estimated amount of $75,000.00. [*See* ECF #s 1 & 10].

Debtor's Schedules I and J filed in the bankruptcy case reflect a monthly disposable income of $1,845.77, based on a monthly pension payment of $9,113,77 [*See* ECF # 10 – Schedules I & J].  Debtor's Statement of Financial Affairs ("SOFA") further reflects Debtor receiving roughly $104,000.00 per year for his pension and approximately $5,200.00 in social security income per year. [*See* ECF # 10 – SOFA].

On March 30, 2026, Debtor filed the subject Plan at issue, as Docket No. 14, which provides for monthly plan payments of $1,770.00 each to the Chapter 13 Trustee for 60 months (for a total payoff of $106,200.00). The Plan also lists Creditor's claim as a Class 3C claim, in the estimated sum of $75,000.00, which is to be paid in full through the Plan, at the interest rate of 0.0%. [*id*]. There are also no non-standard provisions included in the Plan, and the Plan is silent regarding the treatment of Creditor's inevitable post-petition fees and costs incurred as a result of the bankruptcy. [ECF # 14]

On May 5, 2026, Creditor filed its proof of claim in the Instant Bankruptcy, which reflects a total debt claim of $79,744.18, as a result of the subject loan maturing pre-petition on September 1, 2025. [*See* CCR # 7].

## II.    ARGUMENT

### A.    Debtor's Chapter 13 Plan Cannot Be Confirmed As Proposed

The provisions of 11 United States Code ("U.S.C.") § 1325 set forth the requirements for the Court to confirm a Chapter 13 Plan. The burden is on the debtor to demonstrate that the plan meets the conditions essential for confirmation. *Warren v. Fidelity & Casualty Co. of N.Y. (In re*

Objection to Confirmation of Chapter 13 Plan
Case No.: 6:26-bk-11884-SY

*Warren),* 89 B.R. 87, 93 (B.A.P. 9th Cir. 1988).  For the reasons detailed herein, Debtor fails to meet this burden.

### a. **Debtor's Chapter 13 Plan Cannot Be Confirmed Because It fails to satisfy the full value requirement of 11 U.S.C. §1325(a)(5)(B)(ii)**

The Plan seemingly does not provide for Creditor 's total secured claim with the requisite interest. Simply put, the Plan lists Creditor's total secured claim to be paid through the plan at $75,000.00, but Creditor's proof of claim reflects a total debt claim of $79,744.18. As such, Debtor's Plan must be denied confirmation because it fails to properly provide for the full value of Creditor's total secured claim, as required under 11 U.S.C. §1325(a)(5)(B)(ii).

### b. **Debtor's Plan Should Be Denied Confirmation As It Does Seeks To Modify And Payoff Creditor's Claim At An Impermissible Interest Rate**

The determination of the appropriate interest rate is commonly based on the concept of providing "present value" to the secured claimant. Present value is also deemed to be the equivalent of "market rate" of interest. *In re Collier,* 416 B.R. 713, 715 (N.D. Cal 2008). Creditor submits that the interest rate should be consistent with a "market rate" of interest which would be available to similarly situated borrowers in the loan market seeking a similar loan under the same terms and conditions.

In this case, the underlying loan was made to Debtor as a short-term business purpose loan with contract interest at 12.25%, with an additional 6.0% in default interest to be charged should Debtor fail to pay off Creditor's loan by the September 1, 2025 maturity date. Creditor submits that this business purpose loan, made just recently in 2022, reflects a reasonable "market rate" of interest based on the short term commercial nature of the loan, and Debtor has also already materially defaulted on the loan, as the fully matured claim remains unpaid nearly a full

Objection to Confirmation of Chapter 13 Plan
Case No.: 6:26-bk-11884-SY

year after it matured [See CCR # 7-1]. As such, Creditor reasonably believes that Debtor should be required to pay at least the pre-default contractual interest rate of 12.25% through the plan.

But even if Debtor can reduce the interest rate to be paid on Creditor's claim through the Plan to below the prevailing market rate, the proposed Plan still fails to even implement the Prime Plus formula, as established in *Till v. SCS Credit Corp.*, 541 U.S. 465, (2004). As explained below, using the Prime Plus formula would result in a new rate that is similar to the contractual rate.

### 1)      *The Plan Fails to Implement the Prime-Plus Formula*

In the case of *Till v. SCS Credit Corp.*, 541 U.S. 465, (2004), the Supreme Court adopted a two-part "prime-plus" formula for determining the proper interest rate a debtor should pay on a secured claim that complies with the "cram down" provisions of the Bankruptcy Code. The Supreme Court in *Till* stated that:

> "the approach begins by looking to the national prime rate, reported daily in the press, which reflects the financial market's estimate of the amount a commercial bank should charge a creditworthy commercial borrower to compensate for the opportunity costs of the loan, the risk of inflation, and the relatively slight risk of default. Because bankrupt Debtor typically pose a greater risk of nonpayment than solvent commercial borrowers, the approach then requires a bankruptcy court to adjust the prime rate accordingly. The appropriate size of that risk adjustment depends, of course, on such factors as the circumstances of the estate, the nature of the security, and the duration and feasibility of the reorganization plan." *Id.* at 478-479.

In *In re Fowler*, the Ninth Circuit held that under the formula approach, that a court "starts with a base rate, either the prime rate, and then adds a factor based on the risk of default and the nature of the security (the risk factor)." *In re Fowler*, 903 F.2d 694, 697 (9th Cir.1990).

In the present case, Debtor proposes to extend Creditor's fully matured claim over the life of the 5-year plan to be paid at an interest rate of 0.0%.  However, at a bare minimum, the

Plan would must provide for at least the base Federal Prime Rate of *6.75%*[1], plus an additional 1-3 percentage points based on the additional risk factors in this case.

### 2) *Debtor's Proposed Interest Rate Fails to Incorporate Debtor's Default Risk*

Once the base rate is determined, the risk of default and nature of the security (the "risk factor") is added to the base rate. *In re Fowler*, 903 F.2d at 697. In *Fowler*, the Ninth Circuit stated that in assessing risk a court should scrutinize the expenses and revenue projections of a debtor to determine a debtor's risk factor. *Id*. at 698. Here, there is significant risk based on Debtor's substantial past defaults, his current bankruptcy case filing, and the fact that the Loan is a short-term business purpose loan that already matured nearly a year ago. (See CCR # 7-1). As such, the Court must increase the interest rate due to Debtor's high default risk, and the commercial nature of this loan, the Court should add no less than 2.0% to the prime rate due to Debtor's high default risk.

### 3) *The Risks Associated with the Security*

As stated in *Fowler*, the Bankruptcy Court should factor both the debtor's risk of a default and the nature of the security when establishing the appropriate cramdown interest rate. Debtor must come to grips with the reality that any proposed modification through a chapter 13 plan would be highly risky as Debtor seeks to extend a short term loan for an additional several years through the bankruptcy with a highly volatile and unpredictable real estate market [*See* CCR # 7-1; ECF #s 1 & 10], and the Property is in the state of California, a state with onerous eviction control laws at multiple levels. The logic of the Bankruptcy Code forbids imposing uncompensated risk upon the non-consenting secured claimant. Thus, even if the Court

---

[1]**The current Federal Prime Rate is 6.75%,** as posted daily as matter of public record by the Board of Governors of the Federal Reserve System, as posted on the official government website for the Federal Reserve: https://www.federalreserve.gov/releases/h15/.

Objection to Confirmation of Chapter 13 Plan
Case No.: 6:26-bk-11884-SY

determines that interest can be modified and reduced, it should still add an additional 1.0%-2.0% to the prime rate due to the Debtor's default risk, for a total interest rate under Till of no less than 9.75%-10.75%.

Based on the foregoing, even if Debtor is allowed under the code to modify Creditor's loan, Debtor's Plan still currently seeks to reduce Creditor's interest rate to 0.0%, which is nonsensical and violates the bankruptcy code pursuant to *Till*.  Thus, the Plan must be denied confirmation.

**c.      Debtor's Chapter 13 Plan does not clearly provide for post-petition Attorney's Fees and Costs**

As stated above, the Plan apparently proposes to pay the total estimated amount owed on Creditor's loan over the life of the Plan at the pre-maturity contractual rate of 4.0% per annum [*See* ECF #2].  In addition to the Plan proposing to pay off Creditor's total secured claim at a woefully insufficient interest rate (as explained above), the Plan is also silent regarding any attorney's fees and costs which have been and will continue being incurred by Creditor post-petition, as a result of Debtor filing the Instant Bankruptcy.

Under 11 U.S.C. § 506(b), a creditor with an allowed secured claim that is secured by property the value of which is greater than the amount of such claim, then that claim, "shall be allowed… interest on such claim, and any reasonable fees, costs, or charges provided for under the agreement, or State statute under which such claim arose."

Here, there is no dispute that Creditor's claim is fully secured by equity, as is confirmed in Debtor's schedules.  However, while Debtor is proposing to pay some post-petition interest on Creditor's claim through the Plan, Creditor is also entitled to recover its reasonable post-petition attorneys' fees under the terms of the loan documents [*See* CCR # 7-1]. But the Plan is silent regarding the payment of any post-petition fees and costs, and because the proposed Plan is a

Objection to Confirmation of Chapter 13 Plan
Case No.: 6:26-bk-11884-SY

pay-all plan, rather than a cure and maintain plan, it is unclear if any post-petition fee notices can and should be filed throughout the Bankruptcy, pursuant to FRBP 3002.1.[2] And if such notices are so required, it is unknown how and when these additional fees and costs would be paid, likely causing confusion and complications at the end of the Instant Bankruptcy, which could jeopardize Debtor's desired discharge.  As such, Creditor reasonably believes that unless and until Creditor's post-petition fees and costs at the time of confirmation, are included to be paid through the plan, or additional verbiage is included addressing and clarifying these issues and concerns, the Plan violates 11 U.S.C. § 506(b) and should be denied confirmation.

### III.    CONCLUSION

Any Chapter 13 Plan proposed by the Debtor must resolve the issues specified above to be reasonable and comply with the applicable provisions of the Bankruptcy Code. As such, Creditor respectfully requests that confirmation of the Plan as proposed by Debtor be denied.

**WRIGHT, FINLAY & ZAK, LLP**

Dated: June 11, 2026

By:/s/ *Arnold L. Graff, Esq.*
Arnold L. Graff, Esq.
Attorney for Objecting Secured Creditor,
BRIAN STEWART WEISS, TRUSTEE OF
THE BRIAN STEWART WEISS
REVOCABLE TRUST DATED OCTOBER
20, 2021

---

[2] Bankruptcy Rule 3002.1(c) provides that that fully secured creditors holding a lien on a debtor's residence may seek reimbursement of their post-petition fees, expenses, and charges if they receive contractual installment payments in a chapter 13 plan.  However, it is not clear what is meant by "contractual installment payment." See FRBP 3002.1(c) & and FRBP 3002.1, generally.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

4665 MacArthur Court, Suite 200, Newport Beach, CA 92660

A true and correct copy of the foregoing document entitled (*specify*): OBJECTION TO CONFIRMATION OF DEBTOR'S CHAPTER 13 PLAN WITH PROOF OF SERVICE OF DOCUMENT

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 04/30/2026          , I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☑ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*)    04/30/2026          , I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☑ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| | | |
|---|---|---|
| 04/30/2026 | JACKIE KLABACHA POWELL | */s/ Jackie Klabacha Powell* |
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                   **F 9013-3.1.PROOF.SERVICE**

| In re            (SHORT TITLE) | CHAPTER: 13 |
|---|---|
| Patricia Daniels                                      Debtor(s). | CASE NO.: 6:26-bk-11884-SY |

**ADDITIONAL SERVICE INFORMATION** (if needed):

TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):

Rod Danielson (TR)    notice-efile@rodan13.com
W. Derek May    wdmlaw17@gmail.com, r48266@notify.bestcase.com
United States Trustee (RS)    ustpregion16.rs.ecf@usdoj.gov
Mandy Youngblood    csbk@gmfinancial.com
Benjamin Heston    bhestonecf@gmail.com


SERVED BY UNITED STATES MAIL:

DEBTOR:
Patricia Daniels
7421 Red Clover Way
Highland, CA 92346

DEBTOR'S COUNSEL:
Benjamin Heston
Nexus Bankruptcy
3090 Bristol Street # 400
Costa Mesa, CA 92626

CHAPTER 13 TRUSTEE:
Rod Danielson
3787 University Avenue
Riverside, CA 92501

U.S. TRUSTEE:
Office of the United States Trustee
3801 University Avenue, Suite 720
Riverside, CA 92501-3200

INTERESTED PARTY:
AmeriCredit Financial Services Inc
Mandy Youngblood
POB 183853
Arlington, TX 76096

HONORABLE SCOTT H. YUN
3420 TWELFTH ST, SUITE 345
RIVERSIDE, CA 92501-3819

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.