United States Bankruptcy Court

Central District of California

In re:                                                                                              Case No. 26-11884-SY

Patricia Daniels                                                                        Chapter 13

     Debtor

# CERTIFICATE OF NOTICE

District/off: 0973-6                          User: admin                                    Page 1 of 2

Date Rcvd: Jul 10, 2026                    Form ID: pdf042                          Total Noticed: 1

The following symbols are used throughout this certificate:

**Symbol      Definition**

+                  Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS
                   regulations require that automation-compatible mail display the correct ZIP.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Jul 12, 2026:**

**Recip ID               Recipient Name and Address**
db                  +   Patricia Daniels, 7421 Red Clover Way, Highland, CA 92346-3871

TOTAL: 1

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI).

NONE

# BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**

NONE

# NOTICE CERTIFICATION

**I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Jul 12, 2026                          Signature:            /s/Gustava Winters

---

# CM/ECF NOTICE OF ELECTRONIC FILING

**The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on July 10, 2026 at the address(es) listed below:**

**Name**                          **Email Address**

Arnold L Graff

    on behalf of Creditor BRIAN STEWART WEISS  TRUSTEE OF THE BRIAN STEWART WEISS REVOCABLE TRUST
    DATED OCTOBER 20, 2021 agraff@wrightlegal.net, nvbkfiling@wrightlegal.net;jpowell@wrightlegal.net

Benjamin Heston

    on behalf of Debtor Patricia Daniels bhestonecf@gmail.com  benheston@recap.email,NexusBankruptcy@jubileebk.net

Mandy Youngblood

    on behalf of Interested Party Courtesy NEF csbk@gmfinancial.com

Rod Danielson (TR)

    notice-efile@rodan13.com

Sarah Arlene Dooley-Lewis

    on behalf of Creditor Deutsche Bank National Trust Company sdooleylewis@raslg.com

United States Trustee (RS)

    ustpregion16.rs.ecf@usdoj.gov

District/off: 0973-6                    User: admin                    Page 2 of 2
Date Rcvd: Jul 10, 2026                 Form ID: pdf042                 Total Noticed: 1
TOTAL: 6

Attorney or Party Name, Address, Telephone & FAX No., State Bar No. & Email Address

Rod Danielson
Chapter 13 Trustee
3787 University Avenue
Riverside, CA 92501
Tel. (951) 826-8000
Fax (951) 826-8090

FOR COURT USE ONLY

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA - RIVERSIDE DIVISION**

In re:

Patricia Daniels

CASE NO.: **6:26-bk-11884-SY**

CHAPTER: 13

**ORDER CONFIRMING CHAPTER 13 PLAN**

DATE:              June 30, 2026
TIME:               1:30 PM
COURTROOM: 302
ADDRESS:        3420 Twelfth St.
                         Riverside, CA 92501

This order pertains to the Chapter 13 Plan (Plan) filed on 06/17/2026, docket number 23 .

The Plan was served on the creditors pursuant to FRBP 3015.  The Debtor* appeared and was examined at a meeting of creditors conducted pursuant to 11 U.S.C. § 341(a).  The court, finding that the Plan with any modifications made at the confirmation hearing meets the requirements of 11 U.S.C. §§ 1322 and 1325, orders as follows:

The Plan is confirmed, with the following provisions:

**I.   PLAN PAYMENTS AND LENGTH OF PLAN**

A.  Debtor's Monthly Plan payments will commence on 04/14/2026 and continue on that day of the month for 60 months.  These payments shall be:

Payments by Debtor of $1,770.00 per months 1 through 3.
Payments by Debtor of $2,265.00 per months 4 through 60.

☐  Continuation of payment schedule, see EXHIBIT-1 attached.

---

"Bankruptcy Code" and "11 U.S.C." refer to the United States Bankruptcy Code, Title 11 of the United States Code.
"FRBP" refers to the Federal Rules of Bankruptcy Procedure.  "LBR" and "LBRs" refer to the Local Bankruptcy Rule( S) of this court.
* The term "Debtor" refers to both debtor spouses in a joint bankruptcy case.

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

B. [X] This is a Fixed Percentage Plan. Claims in Classes 1 through 4 and 7 will be paid pursuant to the Order of Payments of Claims set forth below. After these payments are completed, nonpriority unsecured claims that are not separately classified (Class 5) will be paid pro rata __100.00%__ of the total amount of these allowed claims. See also provision in Section III, E of this order.

C. [ ] This is a Pot Plan. Debtor will pay a total sum of _____ to the Chapter 13 Trustee (Trustee). After payments required to be made the Claims in Classes 1 through 4 and 7, this sum is estimated to pay _____% to Class 5 nonpriority unsecured creditors.

D. [ ] This is a Residual Plan. After payments required to be made to Claims in Classes 1 through 4 and 7, this is estimated to pay 100.00% to Class 5 nonpriority unsecured creditors.

E. Income Tax Refunds

All Debtors will provide the chapter 13 Trustee a copy of each income tax return filed during the Plan term within 14 days of filing the return.

[ ] Debtor must turn over to the Chapter 13 Trustee all tax refunds in excess of $500 received during the Plan Term

[X] This is a 100% Plan. Unless the Plan is modified to a lower percentage, Debtor may retain tax refunds.

## II. ORDER OF PAYMENT OF CLAIMS

Unless modified by Part III.E of this Order, the Chapter 13 Trustee must make payments on claims as set forth in Section II.A of the Plan.

## III. OTHER PROVISIONS

A. [ ] Lien Avoidance

    [ ] 1. The Plan provides (in Section IV.A.) that Debtor will request the court to value property or avoid liens of creditors under 11 U.S.C. § 506 by separate motion(s). This court has issued order(s) on such motion(s). The affected liens are identified in **Attachment A**. Unless otherwise ordered by this court, the effective date on which such liens will be avoided is the date of completion of all Plan payments.

    [ ] 2. The Plan utilizes Section IV.C to modify secured claims and liens without a separate motion and serves as the motion to value the real or personal property and avoid liens and security interests of creditors. See **Attachment B** for valuation and avoidance of liens under 11 U.S.C. § 506.

    [ ] 3. The plan utilizes Section IV.C to avoid judicial liens or nonpossessory, nonpurchase-money security interests of creditors on real or personal property under 11 U.S.C. § 522(f).

        [ ] See Attachment C for avoidance of real property judicial liens.

        [ ] See Attachment D for avoidance of judicial liens and nonpossessory, nonpurchase-money security interests of creditors on personal property.

B. [ ] Surrender of Collateral and Automatic Stay Termination.

The following collateral is surrendered to secured creditors and the automatic stay provisions of 11 U.S.C. § 362(a) are terminated as to the collateral only, and the co-debtor stay under 11 U.S.C. §1301 is terminated in all respects, upon entry of this order.

| | COLLATERAL | SECURED CREDITOR |
|---|---|---|
| a. | | |
| b. | | |
| c. | | |

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*December 2017*    FG:200 - 7/3/26 - 23:53 - 2611884 - SJL    Page 2 of 4    **F 3015-1.03.ORDER.CNFRM.CH13.PLAN**

C. Attorney's Fees

1. [X] Attorney for debtor is employed under the Rights and Responsibility Agreement (RARA) and is awarded Base Fees of $7,000.  Having received $2,000, Attorney for Debtor is entitled to a payment of $5,000 from the bankruptcy estate on account of such Base Fees.

2. [ ] Attorney for Debtor is employed on an hourly fee contract.  All fee awards shall be by separate order.

D. The Chapter 13 Trustee is authorized to make payment to creditors holding allowed secured claims based on the Plan.  However, the amounts listed on a proof of claim for an allowed secured claim control over any contrary amounts listed in the Plan as to the current installment payment and arrearages unless otherwise ordered by the court.  Also, any determination in the Plan or by separate motion made under FRBP 3012 about the amount of a secured claim is binding on the creditor holding the claim, even if the holder files a contrary proof of claim, regardless of wheather an objection to claim has been filed.  If relief from the automatic stay is ordered as to a secured creditor on certain collateral, then all payments under the Plan to the secured creditor as to that collateral will cease.

E. [X] The following modifications to the Plan have been agreed to by the Chapter 13 Trustee, and/or a creditor if applicable, and Debtor, or have been ordered by the court.

In the event of any differences between the terms of the plan and this order, the terms of this order shall control.

The plan base amount of $134,415.00 shall be paid to the Trustee, in addition to any tax refunds required by this order.

**Additional plan interlineations are set forth on page four of this order.**

F. Revesting Property

Property of the bankruptcy estate will not revest in Debtor until such time as a discharge is granted or the case is dismissed or closed without discharge.  Revesting will be subject to all liens and encumbrances in existence when the case was filed, except those liens avoided by court order or extinguished by operation of law.  In the event the case is converted to a case under Chapter 7, 11, or 12 of the Bankruptcy Code, the property of the estate will vest in accordance with applicable law.  After confirmation of this Plan, the Chapter 13 Trustee will have no further authority or fiduciary duty regarding use, sale, or refinance of property of the estate except to respond to any motion for proposed use, sale, or refinance as required by the LBRs.  Before any discharge or dismissal, Debtor must seek approval of the court to purchase, sell, or refinance real property.

### 

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

December 2017    FG:200 - 7/3/26 - 23:53 - 2611884 - SJL    Page 3 of 4    **F 3015-1.03.ORDER.CNFRM.CH13.PLAN**

<u>Additional Plan Interlineations</u>

Attorney fees shall be paid at the rate of not more than 50% of the amount of each plan payment until paid in full.

Debtor must pay the base plan amount or the percentage to unsecured creditors, whichever is greater. The Trustee may increase the dividend paid allowed claims until the full amount of the plan base stated in this paragraph has been paid by the Debtor(s) or the claims have been paid in full without further notice or order from the court.

The Trustee shall pay the secured claim arrears of Select Portfolio Servicing in the amount of $5,001.87 at the rate of $83.36 per month for 60 months at 0% interest.

The Trustee shall pay the secured claim of Val-Chris Investments in the amount of $79,744.18 at the rate of $1,665.05 per month for 60 months at 9.25% interest.

The Trustee shall pay the secured claim arrears of Hyundai in the amount of $486.79 at the rate of $16.04 per month for 32 months at 4% interest.

The Trustee shall pay the secured claim arrears of GM Financial in the amount of $1,029.06 at the rate of $18.95 per month for 60 months at 4% interest.

For purposes of plan administration, the student loan creditors have relief from the automatic stay and may be paid directly by the debtor as long as the plan remains 100%.

In the event of a request to modify the plan to reduce the percent to the unsecured creditors to less than 100%, the debtor(s) may need to account for the unpaid excess net disposable income from plan inception to plan modification.

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*December 2017*       FG:200 - 7/3/26 - 23:53 - 2611884 - SJL       Page 4 of 4       **F 3015-1.03.ORDER.CNFRM.CH13.PLAN**